IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01152-WYD-MEH

BRENT MILLER,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a Colorado municipal corporation;
STEPHANIE O'MALLEY, in her individual capacity and in her official capacity as Executive Director of the Denver Department of Safety;
SHANNON C. ELWELL, in her individual capacity and in her official capacity as Civilian Review Administrator of the Denver Department of Safety;
ELIAS DIGGINS, in his individual capacity and in his official capacity as Interim Sheriff of the Denver Sheriff's Department;
WILLIAM THOMAS, in his individual capacity and in his official capacity as Captain at the Denver Sheriff's Department; and
PAUL ORTEGA, in his individual capacity and in his official capacity as Captain the Denver Sheriff's Department;

    Defendants.
_____

**PROTECTIVE ORDER**
_____

Pursuant to the Re-Filed Joint Stipulated Motion for Protective Order filed by the parties, the Court hereby ORDERS:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.  As used in this Protective Order, "document" is defined as provided by Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.  One who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action, and who in good faith believes such documents or information are protected by a statutory, regulatory, or common law right of privacy or protection, or otherwise contain nonpublic personal, personnel, employment, private, medical, law enforcement or corrections operations information, or other information implicating privacy interests, proprietary interests or safety and security concerns of either the Plaintiff, or any of the Defendants may designate such documents or information as "Confidential."  The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

4.  Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

(a)   attorneys actively working on this case;

(b)   persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c) the parties and designated representatives of the Defendant City and County of Denver;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses who execute the attached Exhibit A;

(h) and other persons by written agreement of the parties who execute the attached Exhibit A.

5. Prior to disclosing any "Confidential" information to any person listed in Paragraph 4 (other than counsel, persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case, Court Personnel, stenographic reporters, and videographers), counsel shall provide such person with a copy of this Protective Order and have such person sign an acknowledgement that he or she has read this Protective Order and agrees to be bound by its provisions, as set forth in the form attached hereto as Exhibit A.

6. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any re-disclosure or

communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The purpose of this Protective Order is to prohibit the use of any information revealed in connection with such protections for any purpose other than in relation to this litigation.

7. Information designated as "Confidential" may not be reproduced, except to the extent copies are required to prepare the case for trial. Review of Confidential Material by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production. Additionally, by designating information as Confidential and producing that information pursuant to this Protective Order's terms, no party waives any objections or statutory exemptions that may otherwise be asserted. The inadvertent, unintentional or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8. Counsel to the parties are required to advise, instruct and supervise all clients, associates, staff, interns, and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion, including. the limitations on its use and disclosure.

9. Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

10. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof may be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page, those portions of the original transcripts that contain confidential or confidential-attorneys only material shall bear the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," and shall be bound in a fashion to differentiate them from the non-confidential portions of the transcript. Any deposition exhibits designated Confidential shall also be bound in a fashion to differentiate them from non-confidential deposition exhibits.

11. A party may object to the designation of particular documents as Confidential, and to the scope of restrictions, by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made and the limitations in scope to which objection is made where relevant. If the parties cannot resolve the objection within fourteen (14) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Material under the terms of this Protective Order until the Court

rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential Material in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material.

12. If a party discloses information NOT designated as Confidential, the other party may let the disclosing party know of its intention to designate the information as Confidential. If the party disclosing the information objects to the proposed designation of this information as Confidential, the provisions of Paragraph 11 will apply for the resolution of the dispute.

13. If a disclosing party inadvertently discloses information that was not designated as Confidential, but later determines that the disclosed information should have been designated as Confidential, the disclosing party shall promptly notify the other (or non-disclosing) parties of the error and furnish properly designated copies of the disclosed information. Upon learning of the improperly-designated disclosure, the non-disclosing parties shall treat all copies of the disclosed information as if they were originally designated as Confidential.

14. At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof designated as Confidential shall be returned to the party that designated the material as Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to

destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.  However, this does not require parties including any entity who employs one of the parties to destroy any documents that would normally be maintained in their records, as part of a case file or required to be kept by law.  In addition, all counsel is entitled to retain an archival copy of their case file, under terms subject to this Protective Order, even if such materials contain Confidential Material.

15. Documents stamped "CONFIDENTIAL" shall not be filed with the clerk except when required in connection with motions under Federal Rules of Civil Procedure 12 or 56, motions to determine confidentiality under the terms of this Protective Order, Motions in Limine, and motions related to discovery disputes if the confidential documents are relevant to the motion.  A party contemplating filing Confidential Material protected by this Protective Order with the Court shall have the Confidential Material filed under seal, or otherwise restricted from public access, pursuant to D.C.Colo.LCiv.R. 7.2.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper.  Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

Entered and dated at Denver, Colorado, this 17th day of September, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01152-WYD-MEH

BRENT MILLER,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a Colorado municipal corporation;
STEPHANIE O'MALLEY, in her individual capacity and in her official capacity as Executive Director of the Denver Department of Safety;
SHANNON C. ELWELL, in her individual capacity and in her official capacity as Civilian Review Administrator of the Denver Department of Safety;
ELIAS DIGGINS, in his individual capacity and in his official capacity as Interim Sheriff of the Denver Sheriff's Department;
WILLIAM THOMAS, in his individual capacity and in his official capacity as Captain at the Denver Sheriff's Department; and
PAUL ORTEGA, in his individual capacity and in his official capacity as Captain the Denver Sheriff's Department;

    Defendants.

## EXHIBIT A -- TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT

    I, _____, the undersigned, being duly sworn, hereby acknowledges that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the Parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

    My current address and telephone number is: _____

    s/

    Signature

STATE of _____ )
                                                 ) ss:
COUNTY of _____ )

       The foregoing Confidentiality Agreement was sworn and acknowledged to before me by

_____ on this \_\_\_\_ day of _____, 201\_\_\_.

Witness my hand and official seal.

     [S E A L]

                                                                        _____
                                                                          Notary Public

My commission expires:_____